UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUAN RAMOS,                                )
                                           )
        Plaintiff,                        )   Case No. 1:06-cv-645
                                           )
v.                                         )
                                           )   Honorable Paul L. Maloney
COMMISSIONER OF                            )
SOCIAL SECURITY,                           )
                                           )   **REPORT AND RECOMMENDATION**
        Defendant.                        )
_____)

        This is a social security action brought under 42 U.S.C. § 405(g) seeking review of final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits (DIB). Plaintiff filed his application on February 11, 2003 (A.R. 91-93), claiming a January 22, 2003 onset of disability. Plaintiff's claim was denied on initial review. (A.R. 41-46). On April 18, 2005, plaintiff received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 738-98). On October 12, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 18-40).[1] Plaintiff requested that the Appeals Council review the ALJ's decision. The Appeals Council denied review on April 22, 2006.[2] (A.R. 9-

---

[1] After the ALJ issued the October 12, 2005 decision, plaintiff filed a new application for DIB benefits. Plaintiff represents to the court that the Social Security Administration found that he was disabled on and after October 13, 2005. (Plf. Brief at 3-4, docket # 7).

[2] Plaintiff's attorney states that he "mailed a letter to the Appeals [C]ouncil, enclosing a new amended on-set [sic] date FORM with a new on-set [sic] date alleged of 12-31-03 in this case on this application." (Plf. Brief at 2). He represents to the court that he retained a copy of his May 2, 2006 cover letter and the form modifying the alleged onset of disability. (*Id.* at 3). Plaintiff's attorney admits that the administrative record does not reflect his attempt to amend plaintiff's alleged onset

11). On July 12, 2006, the Appeals Council "set[] aside" its initial action "to consider additional information." (A.R. 5-7). On July 12, 2006, the Appeals Council denied plaintiff's request for review (*Id.*), and the ALJ's decision became the Commissioner's final decision. On September 8, 2006, plaintiff filed a complaint seeking judicial review of the Commissioner's decision finding that he was not disabled during the closed period from January 22, 2003 through October 12, 2005.

Plaintiff's brief (docket # 7) does not contain a statement of errors as required by this court's order directing the filing of briefs.[3] (*see* docket # 6, ¶ 1). The following arguments appear within the body of plaintiff's brief:

- The evidence that plaintiff presented to the Appeals Council establishes that the ALJ's decision is not supported by substantial evidence.

- The Commissioner's decision is not supported by substantial evidence because the Social Security Administration found that plaintiff was disabled on and after October 13, 2005, based on similar evidence.

- The ALJ failed to give sufficient weight to the opinions of plaintiff's treating physicians and failed to comply with the procedural requirement of providing good reasons for rejecting their opinions.

- The ALJ's Step-4 determination is not supported by substantial evidence.

- The vocational expert's response to an inaccurate hypothetical failed to provide substantial evidence supporting the ALJ's alternative holding that plaintiff was not disabled at Step 5 of the sequential analysis.

---

of disability date. (*Id.* at 3). The court must work with the administrative record it has. Therefore, for purposes of judicial review, January 22, 2003 is plaintiff's alleged onset of disability date.

[3]The closest plaintiff's brief comes to providing the court with a statement of errors appears on page 7 where plaintiff states that his position is "three-fold and partially multi-layered." (docket # 7 at 7).

On August 30, 2007, plaintiff filed a supplemental brief (docket # 11) containing a statement of errors set forth verbatim below:

1) That the ALJ's decision and findings are not supported by substantial evidence, certainly as regards to step 4 and 5. There is no substantial evidence to support the ALJ's conclusion that Mr. Ramos did not demonstrate that he was disabled during the relevant time period.

2) A subsequent favorable decision with an onset date, the day after the earlier ALJ's complained of unfavorable decision, as herein, is new and material evidence justifying a remand of the first application and further see grounds under sentence four and sentence six.

3) That the ALJ gave little weight to treating source Dr. Salva without substantial evidence to support that adverse determination; principally due to Mr. Welton's GAF cover letter that he wrote to Dr. Salva. That does not substantial evidence make.

4) In connection to # 3, if remand were ordered, that the case be assigned to another ALJ, who would attribute, one would more than suspect, no similar adverse motivations or adverse connotations toward Mr. Welton, and hence Mr. Ramos's claim for disability benefits.

5) The few hypotheticals the ALJ proffered to the VE did not include all the claimant's medically determinable limitations.

(Supplemental Brief ¶¶ 1-5, docket # 11). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision and recommend that the Commissioner's decision be affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*,

245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on January 22, 2003, his alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not performed substantial gainful activity after his alleged onset of disability. The ALJ found that plaintiff had severe impairments of "schizophrenia, diabetes mellitus, history of coronary artery disease, and hypertension." (A.R. 39). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ found that plaintiff's subjective complaints were not fully credible. (A.R. 32-33). The ALJ found that plaintiff retained the residual functional capacity (RFC) to "lift, carry, push and/or pull up to 25 pounds frequently and 50 pounds occasionally; stand and/or walk up to 6 hours of an 8-hour workday; [and] sit up to 6 hours of an 8-hour workday." Plaintiff was "unable to maintain concentration necessary to perform detailed or complex tasks" and was "unable to have constant contact with co-workers, supervisors, or the public." (A.R. 40). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis, because plaintiff's past relevant work as an assembler did not require the performance of work activities that exceeded plaintiff's RFC.[4] The ALJ made an alternative finding at Step 5 of the sequential analysis that plaintiff was not disabled. Plaintiff was 59-years-old as of the date of the ALJ's decision. Thus, plaintiff was classified as an individual of advanced age. Plaintiff has a high school education. The ALJ then turned to the testimony of a vocational expert who testified that a hypothetical person of plaintiff's age with his RFC, education, and work experience, would be capable of performing 120,000 jobs within the State of Michigan. (A.R. 792-94). The ALJ held that

---

[4]The ALJ's Step-4 determination is supported by vocational expert testimony. (A.R. 792-93).

this constituted a substantial number of jobs. Using Rule 203.14 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled.

**1.**

Plaintiff's arguments are generally based on evidence that plaintiff never presented to the ALJ. Plaintiff argues that the evidence he submitted to the Appeals Council establishes that the ALJ's decision is not supported by substantial evidence. He repeatedly asks the court to consider evidence that was never presented to the ALJ. (Plf. Brief at 2-4, 7-8, 12-16, docket # 7; Supplemental brief at 3-5, docket # 11).[5] This is patently improper. For more than a decade it has been clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider additions to the

---

[5]Plaintiff's supplemental brief is only three pages long, but its first page is numbered as page 3, and the inaccurate page numbering continues throughout the brief.

record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

Plaintiff's initial and supplemental briefs contain requests for a remand to the Commissioner pursuant to sentences 4 or 6 of 42 U.S.C. § 405(g). (Plf. Brief at 16; Supplemental Brief at 3, ¶ 2). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). Plaintiff requests a sentence four remand. The court cannot consider evidence that was not submitted to the ALJ in the sentence four context.

The court can consider plaintiff's newly proffered evidence in determining whether a sentence six remand is appropriate. *See Foster*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696. Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the "evidence" plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

Plaintiff has submitted "new" evidence. The ALJ issued his decision on October 12, 2005. On January 9, 2006, Psychiatrist Isha Salva, M.D., wrote a 2-page letter addressed to plaintiff's attorney. (A.R. 716-17). The letter was not accompanied by any medical records or objective test results. Psychiatrist Salva's letter states that on January, 9, 2006, she conducted a "medication review." Plaintiff advised her that his application for Social Security disability benefits had been denied. (A.R. 716). Dr. Salva described plaintiff's alcoholism as being "in remission" and stated that plaintiff was attending "AA on a consistent basis." (A.R. 716). She expressed doubts regarding plaintiff's ability to handle work-related stress. (*Id.*). She reported that plaintiff's medical health had "recently" deteriorated in that plaintiff now required insulin to maintain his blood sugar levels. (A.R. 717). Psychiatrist Salva concluded her letter to plaintiff's attorney with a statement expressing her opinion that plaintiff could not be "competitively employed," and therefore "should be on disability." (*Id.*).

On March 28, 2006, at the request of plaintiff's attorney, Dennis L. Mulder conducted a Psychological Evaluation. (A.R. 719-37). Psychologist Mulder administered the Minnesota Multiphasic Personality Inventory (MMPI-2) test and completed the Medical Source Statement of Ability to do Work Related Activities and Psychiatric Review technique forms as counsel had requested. (A.R. 719). Psychologist Mulder stated that although plaintiff's March 28, 2006 complaints were "essentially consistent" with his complaints from July 2003, in 2006 plaintiff appeared to have greater psychological problems. "The patient's current psychological condition appears to be more significantly affected than it was in 2003, and it appears that he has deteriorated in regards to his psychological condition. The presence of depression appears to have intensified because of his inability to be engaged in ongoing, sustained employment." (A.R. 724). Psychologist

Mulder stated that plaintiff's March 26, 2006 Global Assessment of Functioning (GAF) was 50, and offered a prognosis that, "the potential for the patient becoming gainfully employed in a full-time situation is minimal." (A.R. 725). On March 31, 2006, plaintiff's attorney wrote to Psychologist Mulder, "seeking a clarification as to when Mr. Ramos began deteriorating to the point where he was unable to function in any kind of work situation." (A.R. 718). Psychologist Mulder offered an opinion that plaintiff "was unable to become gainfully employed in a full-time work situation at the end of 2003, and that he has been unemployable since then due to his psychiatric condition." (A.R. 718). The proffered evidence from Psychologist Mulder and Psychiatrist Salva is "new" because it did not exist as of the date of the ALJ's decision. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357.

I find that plaintiff has not demonstrated "good cause." The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Bass v. McMahon*, No. 06-4415, __ F.3d __, 2007 WL 2372297, at *5 (6th Cir. Aug. 21, 2007); *Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003) (same). Plaintiff's attorney argues that plaintiff has shown "good cause" because plaintiff had little or no income until plaintiff began receiving Title II benefits in April 2006. (Plf. Brief at 15). Plaintiff's brief states that plaintiff "could not really afford to hire Dr. Mulder for additional testing in 2006 when he did. But he did

it anyway." (*Id.*). Plaintiff's bare argument is unsupported by affidavits or other evidence.[6] Plaintiff testified that his wife was receiving disability benefits. (A.R. 742). Plaintiff has not shown that he was unable to obtain test results through public health sources free of charge. I find that plaintiff has not carried his burden of demonstrating "good cause" for his failure to obtain the newly proffered evidence before the ALJ issued his October 12, 2005 decision.

        Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Bass v. McMahon*, 2007 WL 2372297, at * 5; *Hensley v. Commissioner*, 214 F. App'x 547, 551 (6th Cir. 2007). Psychiatrist Salva's January 9, 2006 letter expressed her disagreement with the ALJ's decision denying plaintiff's application for DIB benefits. She reported that plaintiff's condition had "recently" deteriorated. (A.R. 716-17). Evidence of a deterioration of plaintiff's condition after the ALJ's decision is "immaterial." *Jones v. Commissioner*, 336 F.3d at 478. Psychologist Salva's letter would not reasonably have persuaded the ALJ that plaintiff was disabled on or before October 12, 2005. Psychologist Mulder attempted to bolster plaintiff's claim that he had been disabled since the "end of 2003" (A.R. 718), but Mulder

---

[6] Plaintiff has the ultimate burden of proving disability and providing medical evidence in support of his claims. *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The Sixth Circuit has held that general assertions regarding a plaintiff's inability to pay for additional tests or services that might have supported his claim are insufficient. *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Sixth Circuit recognizes that an inability to pay for medical services may result in less than optimum documentation of a plaintiff's condition, but the reviewing court must work with the medical record presented to it. "It is doubtless true that a more affluent patient might have obtained a more detailed medical record, but it does not necessarily follow that such a record would have compelled a conclusion that the claimant was disabled. We must work with the record we have. . . ." *Id.*

did not examine plaintiff during that time frame (A.R. 719, 725), and he has never been plaintiff's treating psychologist. Upon review, I do not find a reasonable probability that the Commissioner would have reached a different decision if the evidence had been presented and considered.

In summary, I find that plaintiff has not carried his statutory burden of showing that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Accordingly, I recommend that plaintiff's request for remand be denied. The ALJ's decision will be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ's decision finding that he was not disabled during the closed period from January 22, 2003 through October 12, 2005 is not supported by substantial evidence, because the Social Security Administration awarded plaintiff DIB benefits on a subsequent application finding that plaintiff was disabled as of October 13, 2005.[7] This argument requires little discussion. The Sixth Circuit recognizes that, "The Commissioner treats later-filed applications as separate claims, which is eminently logical and sensible." *Watson v. Commissioner*, 40 F. App'x 896 (6th Cir. 2002). The administrative record on which plaintiff's later application was decided is not before this court for review.[8] A subsequent award of benefits "is not relevant" to the

---

[7]Plaintiff indicates that he is seeking review of the "closed period, circa 12-31-03 to 4-06." (Plf. Brief at 5). Footnote 2 above explains why the closed period must begin on January 22, 2003. The closed period ended on October 12, 2005, the date of the Commissioner's final decision.

[8]The Appeals Council did not find that the evidence submitted after October 12, 2005, warranted review. The scope of the court's review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

claimant's condition as of the date of the ALJ's decision under review. *Presley v. Commissioner*, 23 F. App'x 229, 231 (6th Cir. 2001); *Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

Plaintiff argues in his supplemental brief that the court should order a sentence four or sentence six remand, because plaintiff was successful on his subsequent claim for DIB benefits. (docket # 11 at 4, ¶ 2). Sentence four remand is patently inappropriate, because the subsequent administrative decision did not purport to determine whether plaintiff was disabled at any time during the closed period from January 22, 2003 through October 12, 2005. Sentence six remand is equally inappropriate. A claimant cannot "bootstrap" his success on a subsequent application for benefits into statutory grounds for a sentence six remand. *See Asbury v. Commissioner*, 83 F. App'x 682 (6th Cir. 2003).

**3.**

Plaintiff argues that the Commissioner's decision should be overturned, because the ALJ failed to give "controlling weight" to the opinions of Psychiatrist Salva and Thomas Burns, M.D. (Plf. Brief at 8; Supplemental Brief at 3, ¶ 3). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Bass v. McMahon*, 2007 WL 23772297, at * 3 (A treating physician's opinion on the issue of disability which is reserved to the Commissioner is entitled to "no special significance."). A treating physician's opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Pascoe v. Commissioner*, 137 F. App'x 828, 837 (6th Cir. 2005); *see also Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006) ("Although the opinion of a treating physician is generally accorded great weight, such deference applies only where the physician's opinion is based on sufficient medical data."); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005) ("[R]egardless of whether Dr. McFadden was a treating physician, his opinion was entitled to controlling weight only if it was 'well-supported my medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [the] case record."). An opinion that is based on the claimant's reporting of his or her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007). The ALJ's opinion contains a lengthy discussions of the opinions offered by Psychiatrist Salva and Dr. Burns, provides a detailed analysis of how those opinions were inconsistent with other substantial evidence in the administrative record, and explains why the ALJ found that they were not entitled to controlling weight.[9]  (A.R. 36-37). I find no error.

   Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, it does not necessarily

---

  [9]The ALJ found that there was evidence in the record that indicated that Psychiatrist Salva had manipulated her GAF figures to match a range of "50 or less," which was the range plaintiff's non-attorney representative Mr. Welton had advocated (A.R. 34-35; *see* A.R. 160-61), but there were numerous other reasons why Psychiatrist Salva's opinions were not given controlling weight.

mean that the opinion should be completely rejected; the weight to be given to the opinion is determined by a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted in 1996 WL 374188, at * 4 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d); *see also Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006). The ALJ did not completely reject the opinions of Psychiatrist Salva or Dr. Burns. The ALJ gave considerable weight to medical opinions that Psychiatrist Salva expressed in the records she generated in the course of providing psychological treatment. (A.R. 36-37).

I find that the ALJ satisfied the procedural requirement of giving "good reasons" for not giving controlling weight to the opinions of Dr. Burns and Psychiatrist Salva. *See Smith v. Commissioner*, 482 F.3d at 875; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004); *see also Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006).

**4.**

The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because plaintiff was capable of performing his past relevant work as an assembler. (A.R. 36-37). Plaintiff argues that the ALJ's Step 4 determination is not supported by substantial evidence. (Plf. Brief at 7, 12; Supplemental Brief at 3, ¶ 1). "Past relevant work" is defined as work the claimant has done within the past fifteen years that is "substantial gainful activity"[10] and that lasted long

---

[10] "Substantial gainful activity is defined as work activity which involves doing significant physical and mental activities that are performed for pay or profit." *Cohen v. Secretary of Dept. of Health and Human Services*, 964 F.2d 524, 533 (6th Cir. 1992); *see* 20 C.F.R. § 404.1572(a).

enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1). A claimant who can still do his past relevant work is not disabled. *Combs v. Commissioner*, 459 F.3d 640, 643 (6th Cir. 2006); *see* 20 C.F.R. § 404.1560(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled."). It was plaintiff's burden at Step 4 to prove that (1) he was unable to perform the functional demands and duties of a past relevant job as plaintiff actually performed it, and (2) he was unable to perform the functional demands and job duties of his occupation as generally required by employers throughout the national economy. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that []he is unable to perform [his] past relevant work and that []he is unable to return to h[is] former type of work as generally performed."). It is clear that a claimant "must prove an inability to return to his former type of work and not just to his former job." *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987); *see also Carreno v. Commissioner*, 99 F. App'x 594, 596 (6th Cir. 2004). Plaintiff did not satisfy his burden. Plaintiff argues that the ALJ's decision is not supported by substantial evidence because Johnson Controls fired plaintiff on January 22, 2003, after he ran 180 pieces of Mustang fabric "with the Mylar upside down." (A.R. 531). Plaintiff testified that at the time he was fired he had been working in a new department, and that he had received inadequate training on new equipment. (A.R. 744-45, 748, 789-90). This evidence does not even compel a finding that plaintiff's disability prevented him from performing the Johnson Controls job, let alone the more difficult showing that he could not return to this general type of work. I find that the Commissioner's Step-4 decision is supported by more than substantial evidence.

**5.**

The ALJ made an alternative holding that plaintiff was not disabled at Step 5 of the sequential analysis. It is well established that the ALJ may make alternative findings. *See Davis v. Secretary of Health & Human Servs.*, 915 F.2d 186, 188-89 (6th Cir. 1990); *accord Milton v. Harris*, 616 F.2d 968, 973 (7th Cir. 1980)(describing alternative findings as "indisputably proper"). Plaintiff argues that the hypothetical questions posed by the ALJ to the VE were inadequate to support the ALJ's Step-5 finding.. (Plf. Brief at 12; Supplemental Brief at 4, ¶ 5). A VE's testimony in response to a hypothetical question accurately reflecting a claimant's functional limitations provides substantial evidence supporting the Commissioner's decision. *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). A hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect the claimant's limitations. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *see Cooper v. Commissioner*, 217 F. App'x 450, 453 (6th Cir. 2007). The ALJ found that plaintiff's subjective complaints were not fully credible, and it is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007); *Chandler v. Commissioner*, 124 F. App'x 355, 358-59 (6th Cir. 2005). I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed and that his request for remand be denied.


Dated:   October 9, 2007               /s/  Joseph G. Scoville
                                       United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).