UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUAN RAMOS, | Case No. 1:06-cv-645 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Overruling the Plaintiff's Objections,
Adopting the R&R, and Terminating the Case**

This matter was referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on Tuesday, October 9, 2007. Plaintiff Juan Ramos ("Ramos") filed objections to the R&R on Friday, October 19, 2007.[1]

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Calculating the ten-day period as prescribed by Federal Rule of Civil Procedure 6(a), the court finds that the plaintiff timely filed objections to the R&R.

---

[1] Under W.D. MICH. L. CIV. R. 72.3, the Commissioner had fourteen days to file a response to Ramos's objections. FED. R. CIV. P. 6(a) directs the court to start the fourteen-day period on the day after Ramos filed his objections, namely Saturday October 20, 2007, and to include weekends and holidays. Thus, the fourteen-day period expired at midnight on Monday, November 5, 2007. The Commissioner did not file a response before that time.

The court also finds that plaintiff's objection is sufficiently specific and articulated to trigger *de novo* review of the portion of the R&R to which he has objected. *Contrast US v. Berry*, 184 F. App'x 470, 472 (6th Cir. 2006) ("Berry filed objections to the report and recommendation, but, finding that the objections were not specific but were mere conclusions, the district court reviewed the report and recommendation as if no objections had been filed."); *see generally Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("a general objection to a magistrate's report, which fails to specify the issue of contention, does not satisfy the requirement that an objection be filed.").

The court is unconvinced by the plaintiff's objection. For the reasons explained by the R&R, Ramos is not entitled to a remand to the agency under sentence six of 42 U.S.C. § 405(g).[2]

---

[2]
The R&R also made the following determinations, to which Ramos has not objected:

(1) Based only on the evidence presented to the ALJ, substantial evidence supported the ALJ's determination that Ramos' severe impairments (diabetes, schizophrenia, coronary artery disease, and hypertension) did not render him disabled between his alleged disability onset date (January 22, 2003) and the date of the ALJ's decision (October 12, 2005). In particular, substantial evidence supported the ALJ's Step 4 determination that Ramos was capable his past relevant work as an assembler, whether at the Johnson Controls company or elsewhere, *see* R&R at 14-15.

(2) substantial evidence supported the ALJ's decision not to give controlling weight to the opinions of psychiatrist Salva and physician Burns, and the ALJ gave sufficient good reasons for that decision, *see* R&R at 12-14.

(3) substantial evidence supported the ALJ's alternative determination that even if Ramos were not disqualified from disability at Step 4, he was disqualified at Step 5. Namely, the ALJ reasonably found that Ramos's subjective complaints were not fully credible, so he was not required to include those complaints in the hypothetical question that he posed to the vocational expert. The vocational expert's answer to the properly formulated hypothetical question – that someone of Ramos's age (59), education (high school), work experience, and residual functional capacity ("RFC") could perform 120,000 jobs that exist in Michigan, *see* R&R at 5 – constituted substantial evidence in favor of the ALJ's adverse Step 5 determination, *see* R&R at 16.

Because Ramos has not objected to the foregoing recommendations by the Magistrate Judge, this court need not and does not review those recommendations.

As the Magistrate Judge notes, R&R at 6, when the Social Security Administration ("SSA") Appeals Council denies review, as it did here, the federal courts' review is limited to the evidence that was submitted to the ALJ. *See Elliott v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002) ("If the Appeals Council declines to review an ALJ's decision, federal courts cannot consider evidence not presented to the ALJ.") (citing, *inter alia*, *Cline*, 96 F.3d at 148, and *Cotton*, 2 F.3d at 696); *see also Wyatt v. HHS*, 1993 WL 492311, at *3 n.2 (6th Cir. Nov. 29, 1993) ("We must therefore treat the post-hearing evidence submitted to the Appeals Council no differently than evidence submitted for the first time to us.").

Under sentence six of 42 U.S.C. § 405(g), the court may order a remand for the ALJ to consider additional evidence, but only if the claimant shows the court that the proffered is "new" and "material." *Bass v. McMahon*, 499 F.3d 506, –, 2007 WL 2372297, *5 (6th Cir. 2007). To show that the evidence is new, Ramos has to show that the evidence was either not in existence or not available to him at the time of the ALJ hearing, *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006), and that he had good cause for failing to submit it to the ALJ before the ALJ's decision, *see Bass*, 499 F.3d at –, 2007 WL 2372297 at *5, and *Hollon*, 447 F.3d at 483. To show that the evidence is material, Ramos has to show a reasonable probability that it would persuade the ALJ to reach a different disposition on his disability claim. *Hollon*, 447 F.3d at 483.

The ALJ rendered his decision in October 2005. Ramos seeks a remand so that he may submit two new pieces of evidence: a two-page January 2006 letter from examining psychiatrist Isha Salva, M.D., and a March 2006 psychological evaluation report from examining psychologist Dennis Mulder. For essentially the reasons explained by the R&R, this court finds that Ramos has not demonstrated good cause for his failure to obtain and submit these two items of new evidence to the ALJ before the ALJ's

decision.

Ramos contended before the magistrate judge, *see* Ramos Br. at 15, and contends now, *see* Ramos Objection at 3, that due to the loss of his job in early 2003, he lacked the financial resources to commission the examinations by psychiatrist Salva and psychologist Mulder before the ALJ's October 2005 decision. <u>Yet Ramos failed to present the Magistrate Judge with any affidavit or other evidence to substantiate this claim of indigency</u>. It is not enough for Ramos to assert that "his employment terminated in early 2003. No job generally means no income on its face." *See* Ramos Objection at 3. Ramos belatedly offers an affidavit in support of his indigency claim, <u>but he fails to explain why he did not present that affidavit to the Magistrate Judge; one cannot object to an R&R by presenting evidence that he failed to provide the Magistrate Judge who issued the R&R</u>. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge") (citing *Murr v. US*, 200 F.3d 895, 902 (6th Cir. 2000)).[3] Moreover, Ramos acknowledges that, as the R&R noted, his wife was receiving disability income during that same time period, early 2003 through late 2005, *see* Ramos Objection at 3.

Perhaps most significantly, Ramos fails to rebut the Magistrate Judge's logical statement, "Plaintiff has not shown that he was unable to obtain test results through public health sources free of charge." R&R at 10. Ramos protests that the Magistrate Judge was requiring him to "prove a negative," Ramos Objections at 3, but this characterization of the R&R's reasoning is untenable. It is Ramos's burden to show that he had good cause for failing to obtain and present the new evidence before the ALJ's decision,

---

[3]

*Cf. Muhammad v. Close*, 379 F.3d 413, 417 (6th Cir. 2004) ("Close attempts to downplay the significance of the Coxton affidavit by arguing that: . . . (2) . . . it was not presented to the magistrate because it was filed as an exhibit to Muhammad's objections to the magistrate's report. Because the Coxton affidavit was completely ignored in the district court proceedings, this is the first time that Close has presented these arguments to any court. We decline to address these issues in the first instance. Close is free to advance these, and other, arguments in the district court on remand.").

and the court construes that burden to include proof that he could not obtain the new evidence earlier through reasonable diligence. Ramos could and should have presented evidence that he tried to obtain psychological and psychiatric examinations free of charge from government or non-profit sources; instead, he does not allege that he made *any* such effort. On this record, the court finds that, notwithstanding Ramos's apparent financial plight, Ramos has not shown good cause for failing to obtain and introduce the new evidence prior to the ALJ's decision.

Because Ramos has not shown good cause for failing to file the new evidence with the ALJ before his decision, the court need not consider whether the new evidence would have been reasonably likely to persuade the ALJ to find him disabled, *see Hollon*, 447 F.3d at 483.

Accordingly, having reviewed the parties' briefs, the administrative record, the R&R, the plaintiff's objection to the R&R, and the Commissioner's response thereto, the court hereby **OVERRULES** the plaintiff's objection, **ADOPTS** the R&R [docket #12], and **AFFIRMS** the Commissioner's decision.

This case is **TERMINATED.**

This is a final and appealable order.

**IT IS SO ORDERED this 26th day of November 2007.**

/s/ Paul L. Maloney
_____

Paul L. Maloney
United States District Judge